**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ANGEL MIGUEL MUJICA MARQUEZ,<br><br>Petitioner,<br><br>v.<br><br>LORETTA E. LYNCH, Attorney General,<br><br>Respondent. | No. 14-72658<br><br>Agency No. A200-157-117<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 15, 2016[**]

Before:     GOODWIN, LEAVY, and CHRISTEN, Circuit Judges.

Angel Miguel Mujica Marquez, a native and citizen of Mexico, petitions for

review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal

from an immigration judge's ("IJ") removal order denying a continuance to obtain

counsel and file an application for cancellation of removal. We have jurisdiction

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument. See Fed. R. App. P. 34(a)(2).

under 8 U.S.C. § 1252.  We review for abuse of discretion the denial of a continuance.  *Ahmed v. Holder,* 569 F.3d 1009, 1012 (9th Cir. 2009).  We review de novo claims of due process violations.  *Sandoval-Luna v. Mukasey,* 526 F.3d 1243, 1246 (9th Cir. 2008).  We deny the petition for review.

The agency did not abuse its discretion in denying Mujica Marquez's request for a third continuance for failure to show good cause.  *See Ahmed,* 569 F.3d at 1012.  In addition, because he has not established prima facie eligibility for relief, he has not shown the prejudice required to prevail on his claim that he was deprived of his due process right to counsel and a full and fair hearing.  *See Padilla-Martinez v. Holder,* 770 F.3d 825, 830 (9th Cir. 2014); *Ram v. Mukasey,* 529 F.3d 1238, 1242 (9th Cir. 2008) (for an alien to go forward without counsel, an IJ must inquire whether the alien wishes to continue unrepresented and receive a knowing and voluntary response; if the right to counsel is not clearly waived, the IJ must evaluate whether there is good cause to grant a continuance to find counsel).

We need not reach Mujica Marquez's contention regarding the BIA's 180-day determination because he has not otherwise established prima facie eligibility for cancellation of removal.  *See Simeonov v. Ashcroft,* 371 F.3d 532, 538 (9th Cir. 2004).

**PETITION FOR REVIEW DENIED.**

14-72658